

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RAVEN INDUSTRIES, INC., | * | CIV. 07-4154 |
| | * | |
| Plaintiff, | * | |
| v. | * | MEMORANDUM OPINION |
| TOPCON POSITIONING SYSTEMS, | * | AND ORDER RE: |
| INC., KEE TECHNOLOGIES PTY LTD., | * | MOTION TO AMEND COMPLAINT |
| and KYM ELDREDGE, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Raven Industries, Inc., filed a complaint on October 17, 2007, which alleged causes of action for conversion, unjust enrichment/constructive trust, fraudulent concealment, interference with business expectancy, injunctive relief, breach of contract, and guarantee against the above-named defendants. Doc. 1. Defendants Topcon Positioning Systems, Inc. and Kee Technologies Pty Ltd., filed an Answer on November 20, 2007, (Doc. 10) and Defendant Kym Eldredge filed a Separate Answer on January 9, 2008. Doc. 18.

Plaintiff, Raven Industries, Inc., has now moved pursuant to FED.R.CIV.P. 15(a) for permission to file an amended complaint. Doc. 26. All of the Defendants have filed a brief opposing the motion to amend the complaint. Doc. 28. For the reasons stated in this memorandum opinion, the Court is granting the motion to amend.

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant

leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

A motion to amend a complaint should be denied on the merits only if it asserts clearly frivolous claims. In addition, the likelihood of success on the new claim is not a consideration for denying leave to amend to add a claim unless the claim is clearly frivolous. *Becker v. University of Nebraska, at Omaha*, 191 F.3d 904, 908 (8th Cir.1999).

Plaintiff maintains that the proposed amendments acknowledge information gained in discovery that Defendant Kym Eldredge owned or operated two different Australian companies at issue in this litigation. Plaintiff maintains that the original complaint included allegations against Defendant KEE Technologies Pty Ltd., that have turned out to be factually incorrect, and that the proposed amended complaint more accurately states Plaintiff's causes of action against the Defendants.

Defendants maintain that the proposed Amended Complaint cannot withstand a Motion to Dismiss and is therefore futile. Specifically, Defendants maintain that Plaintiff's proposed amended fraudulent concealment claim could not withstand a motion to dismiss as Plaintiff lacks standing to assert this claim. Defendants further assert that all the required elements are not present in the proposed breach of guarantee cause of action, and that the guarantee in the Purchase Agreement is no longer in effect.

Although Defendants' concerns may eventually be determined to be valid, denying the motion to amend the complaint will not resolve these issues since the original complaint is subject to the same legal attacks. Because the proposed amended complaint clarifies and corrects certain matters and contains causes of action which Defendants do not attack as being unable to withstand a motion to dismiss, the Court will grant the motion to amend. *See Kassner v. 2nd Ave. Delicatessen*

*Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)("Because the complaint . . . is, with respect to some claims, sufficient to withstand a motion to dismiss under Rule 12(b)(6)" the district court erred in denying the motion to amend the complaint based on a futility analysis). Defendants can reassert their arguments in future pleadings. Accordingly,

    IT IS ORDERED that Plaintiff's motion to file an amended complaint( Doc. 26) is GRANTED.

Dated this 17th day of June, 2006.

                      BY THE COURT:

                        Lawrence L. Piersol
                        United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
(SEAL)  DEPUTY