0UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
SEP 18 2009

| | | |
|---|---|---|
| RAVEN INDUSTRIES, INC., | * | CIV. 07-4154 |
| Plaintiff, | * | |
| v. | * | MEMORANDUM OPINION |
| TOPCON POSITIONING SYSTEMS, INC., KEE TECHNOLOGIES PTY LTD., and KYM ELDREDGE, | * | AND ORDER |
| Defendants. | * | |

Plaintiff, Raven Industries ("Raven"), brought suit against Defendants, Topcon Positioning Systems, Inc. ("Topcon"), KEE Technologies Pty Ltd. ("KEE"), and Kym Eldredge, alleging conversion (against KEE and Topcon), unjust enrichment (against KEE and Topcon), fraudulent concealment (against Kym Eldredge), interference with business expectancy (against KEE and Topcon) and breach of guarantee (against Kym Eldredge). Defendants have jointly filed a motion to dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(7) for failure to join an indispensable party and have also moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## BACKGROUND

### 1995 Asset Purchase Agreement

On November 9, 1995, Plaintiff entered into an asset purchase agreement ("1995 Purchase Agreement") with K. Eldredge Electronics and Kym Eldredge, a shareholder and the director of K. Eldredge Electronics. Pursuant to the 1995 Purchase Agreement, Plaintiff purchased for $500,000 certain assets including goodwill, equipment, technology, customer lists, trademarks, trade names and copyrights involving electronic monitoring and controlling equipment for agricultural machinery manufactured and sold by K. Eldredge Electronics.

As further consideration for the parties entering into the 1995 Purchase Agreement, Kym Eldredge guaranteed the performance of K. Eldredge Electronics' obligations under the 1995 Purchase Agreement, including (1) the performance of K. Eldredge Electronics' obligations under the Purchase Agreement; (2) the payments K. Eldredge Electronics owed to Plaintiff upon K. Eldredge Electronics' default in the performance under the Purchase Agreement; and (3) the payment of any losses incurred by Plaintiff upon K. Eldredge Electronics' default in the performance under the Purchase Agreement.

Creation and Sale of KEE and Discontinuation of K. Eldredge Electronics

Some years after the parties had fulfilled their obligations under the 1995 Purchase Agreement, Kym Eldredge began a second company, KEE. Plaintiffs allege that KEE began selling in the marketplace identical or nearly identical products that Plaintiff purchased from K. Eldredge Electronics pursuant to the 1995 Purchase Agreement.

In September 2006, Topcon purchased KEE for $15 million. Allegedly included with that sale was Topcon's purchase of various products as well as technologies and developments from technologies that Plaintiff purchased pursuant to the 1995 Purchase Agreement. Topcon currently sells these products in the worldwide market in competition with Plaintiff despite Plaintiff advising Topcon on or about January 5, 2007, that the such products and technologies belong to Plaintiff.

Subsequent to the time Plaintiff and K. Eldredge Electronics completed the transaction contemplated by the 1995 Purchase Agreement, K. Eldredge Electronics ceased its operations. As a result, K. Eldredge Electronics is not subject to suit according to Australian law. While there is exists a process upon which it is possible to have the Australian courts reinstate as an entity K. Eldredge Electronics for purposes of this lawsuit, Plaintiff does not know whether reinstatement is likely to succeed and has not initiated such action at this time.

Procedural History

The parties consented to the application of South Dakota law and to the jurisdiction of the South Dakota courts in any disputes arising out of or related to the 1995 Purchase Agreement. In addition, the parties agreed to waive their right to a jury trial for any dispute arising out of or related to the 1995 Purchase Agreement.

On June 17, 2007, Plaintiff filed an Amended Complaint against Topcon, KEE and Kym Eldredge. In the Amended Complaint, Plaintiff alleges the following causes of action: (1) KEE and Topcon exercised control over and/or seriously interfered with Plaintiff's interest in the assets it purchased in the 1995; (2) KEE and Topcon were unjustly enriched by KEE's sale of the same assets to Topcon that Plaintiff purchased in 1995; (3) Kym Eldredge fraudulently concealed from Topcon that the assets it sold to Topcon were the same assets previously sold to Plaintiff in 1995; (4) KEE and Topcon intentionally interfered with Plaintiff's business expectancy by KEE's sale and Topcon's purchase of the assets that Plaintiff purchased in 1995; and (5) Kym Eldredge guaranteed the performance of KEE's obligations under the 1995 Purchase Agreement, and as such, is personally liable for KEE's liabilities. Plaintiff seeks compensatory and injunctive relief as well as punitive damages and demands a jury trial.

Defendants jointly move to dismiss Plaintiff's Amended Complaint in its entirety for failure to join an indispensable party and to dismiss each claim against all Defendants, on the merits. Further, KEE moves to dismiss all tort claims against it on the basis that Plaintiff's claims sound in contract. In the event all tort claims are dismissed, Defendants request that Plaintiff's claim for punitive damages should be denied since punitive damages are not recoverable in a contract action. Finally, Defendants ask that the Court strike Plaintiff's demand for jury trial on the basis that Plaintiff expressly waived its right to a jury trial for all claims arising from the 1995 Purchase Agreement.

## DISCUSSION

In ruling upon this motion, the Court will first determine which claims asserted by Plaintiff

in its Amended Complaint are those upon which relief may be granted under the applicable law. The Court will next examine whether Plaintiff has waived its right to a jury trial on the remaining claims and also whether K. Eldredge Electronics is a "necessary party" under Federal Rules of Civil Procedure 19(a)(1) regarding these claims.

I.      **Merits of Plaintiffs Claims**

In the Amended Complaint, Plaintiff alleges the following causes of action: (1) KEE and Topcon exercised control over and/or seriously interfered with Plaintiff's interest in the assets it purchased in the 1995; (2) KEE and Topcon were unjustly enriched by KEE's sale of the same assets to Topcon that Plaintiff purchased in 1995; (3) Kym Eldredge fraudulently concealed from Topcon that the assets it sold to Topcon were the same assets previously sold to Plaintiff in 1995; (4) KEE and Topcon intentionally interfered with Plaintiff's business expectancy by KEE's sale and Topcon's purchase of the assets that Plaintiff purchased in 1995; and (5) Kym Eldredge guaranteed the performance of KEE's obligations under the 1995 Purchase Agreement, and as such, is personally liable for KEE's liabilities.

Defendants have moved for judgment on the pleadings on all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(c). A Rule 12(c) motion may be employed by a defendant after the close of the pleadings as a vehicle for raising several of the defenses enumerated in Rule 12(b), including failure to state a claim upon which relief may be granted and failure to join a party under Rule 19, both of which Defendants have raised in the present motion. Fed. R. Civ. P. 12(h)(2).

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Although the Court must ignore most materials outside the pleadings, it may consider "materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997)); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

4

*Procedure* § 1357, at 299 (1990) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). This is a strict standard, and under it the Court must accept as true all facts pled by the plaintiff and draw all reasonable inferences from the pleadings in the plaintiff's favor. *See Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998); *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).

The Court will examine the merits of each of Plaintiff's claims in turn.

### A. Conversion

Plaintiff alleges a claim for conversion against both KEE and Topcon. "Conversion is the act of exercising control or dominion over personal property in a manner that repudiates the owner's right in the property or in a manner that is inconsistent with such a right." *Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 107 (S.D. 1998) (citation omitted). In order to prevail on a claim of conversion Plaintiff must prove: (1) Plaintiff owned or had a possessory interest in the property; (2) Plaintiff's interest in the property was greater than KEE's and/or Topcon's interest; (3) KEE and/or Topcon exercised dominion or control over or seriously interfered with Plaintiff's interest in the property; and (4) such conduct deprived Plaintiff of its interest in the property. *First Am. Bank & Trust v. Farmers State Bank*, 756 N.W.2d 19, 30 (S.D. 2008) (citing SD Pattern Jury Instructions (civil) 170-30-2).

The Court concludes that Plaintiffs have alleged sufficient facts to state a claim for conversion. Defendants' Motion For Judgment On The Pleadings is predicated on the argument that Plaintiff's conversion claim only alleges conversion of intellectual or intangible property and that these types of assets may not form the basis for a conversion claim under South Dakota law. The Court disagrees. The Amended Complaint specifically alleges that Defendants converted "assets, products, and technology" that Plaintiff purchased from Kym Eldredge Electronics in 1995. (Am. Compl. ¶¶ 20-25.) Plaintiff defined the assets, products, and technology that it purchased subject

to the 1995 Purchase Agreement as being "goodwill, equipment, technology, customer lists, trademarks, trade names and copyrights" (Am. Compl. ¶ 9) This list is not limited to intellectual and intangible property as argued by Defendants. Plaintiff's allegations sufficiently conform with the notice pleading requirements imposed under Fed. R. Civ. P. 8(a)(2) and Defendants' Motion For Judgment On The Pleadings as to this claim is therefore denied.

### B.     Unjust Enrichment

Plaintiff alleges that by selling assets, products and technology that they did not own, KEE and Topcon have received financial benefits to which they are not entitled, and that KEE and Topcon have therefore been unjustly enriched. Plaintiff seeks the return, via a constructive trust, of the benefits KEE and Topcon received as a result of this alleged conduct.

"[Unjust enrichment] occurs when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying." *Mack v. Mack,* 613 N.W.2d 64, 69 (S.D. 2000) (quoting *Parker v. W. Dakota Insurors, Inc.,* 605 N.W.2d 181, 187 (S.D. 2000)) (citation omitted). "When unjust enrichment is found, the law implies a contract, which requires the defendant to compensate the plaintiff for the value of the benefit conferred." *Id.* In order to state a claim of unjust enrichment, a plaintiff must allege facts showing that: "(1) a benefit was received; (2) the recipient was cognizant of that benefit; and (3) the retention of the benefit without reimbursement would unjustly enrich the recipient." *Id.*

The Court concurs with the argument put forth by Defendants that Plaintiff does not have standing to assert a claim of unjust enrichment against either KEE or Topcon. Although the South Dakota courts have not specifically so stated, the Court finds implied in the decisions issued by these courts that standing to bring a claim for unjust enrichment is limited to the party who has conferred the benefit that is the basis for the claim. As stated by the South Dakota Supreme Court, unjust enrichment is an equitable doctrine which allows a court to imply a contract in order to prevent the enrichment of one party at the expense of another. *See, e.g., Mack,* 613 N.W.2d at 69. While

Plaintiff alleges that it would be inequitable for KEE and Topcon to retain the benefit conferred upon them through the sale of assets, products and technologies that they did not own, unlike in the South Dakota case cited by Plaintiff[1], Plaintiff in this case is not the party that conferred the benefit upon either Defendant. The Amended Complaint states that KEE received the benefit of $15 million dollars from *Topcon*, not Plaintiff, in exchange for the sale of certain assets, products and technology to which Plaintiff alleges it has exclusive rights. (Am. Compl. ¶¶ 14-15, 27.) The Amended Complaint further states that the benefit Topcon received, ownership of the assets in question in this case, was conferred upon it not by Plaintiff, but by KEE. (Am. Compl. ¶¶ 14-15, 26-34.) While Plaintiff would no doubt be injured by a third-party sale of assets to which it allegedly has exclusive title, this is not the type of injury that forms the basis for a claim of unjust enrichment. It is impossible for a court to imply that a contract exists between two parties, in this case, Plaintiff and Defendant KEE or Defendant Topcon when in fact the benefit Plaintiff alleges KEE and Topcon unjustly received was conferred upon these Defendants not by Plaintiff, but by a third party.

Defendants' Motion For Judgment On Tthe Pleadings as to Plaintiff's claim for unjust enrichment and constructive trust is granted accordingly.

### C.     Fraudulent Concealment

In Count II of the Amended Complaint, Plaintiff alleges a claim for fraudulent concealment against Kym Eldredge. Specifically, Plaintiff alleges that Kym Eldredge "had a duty or obligation to disclose or otherwise reveal to Topcon that the assets [Topcon] was purporting to purchase from KEE were in fact owned by [Plaintiff]." (Am. Compl. ¶ 35-40.)

"The cause of action of fraudulent concealment is governed by SDCL 20-10-2(3)." *Milligan v. Waldo*, 620 N.W.2d 377, 379-80 (S.D. 2001). To successfully prove fraudulent concealment, a plaintiff must show: "(1) the suppression of a fact by one who is bound to disclose it, or (2) the

---

[1]*Mack v. Mack*, 613 N.W.2d 64 (S.D. 2000).

suppression of a fact by one who gives information of other facts which are likely to mislead for want of communication of that fact." *Id.* at 380. Even assuming for the moment that Plaintiff has standing to assert such a claim against Kym Eldredge, the only situation in which the South Dakota Supreme Court has imposed a duty of disclosure upon parties to an arm's-length business transaction is upon finding that an employment or fiduciary relationship exists between the parties. *Cleveland v. BDL Enterprises, Inc.*, 663 N.W.2d 212, 218 n.1 (S.D. 2003) ("This Court has never imposed a duty to disclose information on parties to an arm's-length business transaction, absent an employment or fiduciary relationship.") (citation omitted).

Plaintiff has not alleged any facts in its Amended Complaint that suggest that Topcon and Kym Eldridge were engaged in either an employment or fiduciary relationship and therefore Defendant's Motion For Judgment On The Pleadings is granted as to this claim.

### D. Interference with Business Expectancy

In Count IV of the Amended Complaint, Plaintiffs allege that both KEE and Topcon interfered with Plaintiff's business expectancy of selling products and technology that it purchased from K. Eldredge Electronics in 1995.

In order to succeed in South Dakota on a claim of tortious interference with business expectancy, a plaintiff must prove the following elements: (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional and unjustified act of interference on the part of the interferer; (4) proof that the interference caused the harm sustained; and (5) damage to the party whose relationship or expectancy was disrupted. *Tibke v. McDougall*, 479 N.W.2d 898, 908 (S.D. 1992). "[T]he interference may consist of injury to either an existing contractual relation or a prospective contractual relation." *Id.*

The Court concludes that Plaintiff has sufficiently stated a claim of interference with business expectancy. Defendants contend that Plaintiff does not possess a valid business expectancy for

8

several reasons. First, Defendants argue that the 1995 Purchase Agreement between Plaintiff and K. Eldredge Electronics "did not give Plaintiff the right to derivative technology, nor the exclusive right to the technology, nor did it prevent Defendants or any other corporation from indirectly competing with Plaintiff." (Defs.' Reply Br. in Supp. of Mot. to Dismiss at 22.) Second, Defendants argue that because Plaintiff did not avail itself of the protections afforded by intellectual property laws by securing a patent, it could not justifiably expect that it alone has rights to develop and market the products and technology that are at the heart of this dispute. *Id.* at 22. The Court finds that the arguments put forth by Defendants as to whether Plaintiff has a valid business expectancy that it alone has the rights to sell, market and distribute the products and technology at issue in this case constitute questions of fact that are more suitable for resolution at trial.

As to the other elements of a claim for interference with business expectancy, the Court concludes that Plaintiff has sufficiently alleged that both KEE and Topcon had knowledge of Plaintiff's business expectancy and intentionally interfered with that expectancy. The Amended Complaint asserts that Kym Eldredge, the shareholder and director of K. Eldredge Electronics who provided the Guarantee in the 1995 Purchase Agreement, was also responsible for establishing KEE. (Am. Compl. ¶¶ 9, 13.) The Court finds that given this fact, it is reasonable to infer that KEE knew that its sale of assets, products and technology to Topcon would compete with Plaintiff's business expectancy. In addition, in January 2007, Plaintiff contacted Topcon to inform the company that the assets, products and technology it purchased from KEE were in fact owned by Plaintiff. (Am. Compl. ¶ 19.) Despite said notice, Plaintiff alleges that Topcon has continued to market and sell the products and technologies at issue in this case. (Am. Compl. ¶ 19.) Such allegations are sufficient to support a claim that both KEE and Topcon had knowledge of Plaintiff's business expectancy and intentionally interfered with that expectancy.

Finally, the Court finds that Plaintiff has sufficiently alleged that it has suffered damages as a result of Defendant KEE's and Topcon's alleged interference with Plaintiff's business expectancy of exclusively selling products and technologies that it purchased from K. Eldredge Electronics in 1995.

For the foregoing reasons, the Court concludes that Plaintiff has stated a claim for tortious interference with business expectancy and Defendant's Motion For Judgment On The Pleadings as to this claim is denied.

### E.     Guarantee Claim

Defendants have moved for judgment on the pleadings as to Plaintiff's guarantee claim against Kym Eldredge. In Article 8 of the 1995 Purchase Agreement, Kym Eldredge guaranteed: (1) the "due performance by [K. Eldredge Electronics] of its obligations under this Agreement"; (2) the "punctual payment of any moneys which become payable by [K. Eldredge Electronics] to [Plaintiff]"; and (3) the payment of any losses incurred by Plaintiff upon K. Eldredge Electronics' default in the performance under the Purchase Agreement. The Guarantee further provides that "[t]his guarantee and indemnity is to continue and is to remain in full force and effect until [K. Eldredge Electronics] has fulfilled all of its obligations under this Agreement."

Defendants contend, and the Court concurs, that none of the circumstances triggering the guarantee has occurred. Plaintiff has not alleged anywhere in the Amended Complaint that K. Eldredge Electronics failed in its performance of any of the three obligations listed above, thus triggering Kym Eldredge's obligation under the Guarantee.

Defendants' Motion For Judgment On The Pleadings as to Plaintiff's guarantee claim is therefore granted.

### II.     Plaintiff's Claims Arise Under the 1995 Purchase Agreement?

Defendants' contend that Plaintiff has waived its right to a jury trial in this case because all claims asserted by Plaintiff arise out of the 1995 Purchase Agreement which states that "[Plaintiff], [K. Eldredge Electronics] and Kym Eldredge waive all rights to a jury trial in any action, suit or proceeding brought to enforce or defend any rights or remedies arising out of or relating to this

agreement."

Defendants are no doubt correct in stating that a party may contractually waive its right to a jury trial, *see e.g., Northwest Airlines, Inc. v. Air Line Pilots Assoc., Int'l,* 373 F.2d 136, 142 (8th Cir. 1967), and therefore the primary question before the Court is whether Plaintiff's surviving claims for conversion and tortious interference with business expectancy arise under the 1995 Purchase Agreement. The Court finds that they do not.

The fact that Defendant KEE's and Topcon's liability for conversion and tortious inteference with business expectancy may be defined in part by the language of the 1995 Purchase Agreement[2] does not mean that Plaintiff's claims against Defendants KEE and Topcon are of a contractual nature. Neither KEE nor Topcon is a party to the 1995 Purchase Agreement and their liability therefore arises completely independently of the 1995 Purchase Agreement.

For the foregoing reasons, Plaintiff's demand for a jury trial on its remaining claims for conversion and tortious interference with business expectancy is granted and Plaintiff may maintain its claim for punitive damages as it relates to these tort claims.

### III. Failure to Join Indispensable Party

Defendants have moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(7), arguing that because Plaintiff's claims all arise out of the 1995 Purchase

---

[2]The Court recognizes that whether Plaintiff has a possessory interest in the assets, products and technology allegedly sold by KEE to Topcon thus rendering these parties potentially liable for conversion will require the fact-finder to determine whether such assets, products and technology belonged exclusively to Plaintiff under the 1995 Purchase Agreement. Similarly, whether KEE and/or Topcon are liable for interfering with a valid business expectancy possessed by Plaintiff will require the fact-finder to determine whether the assets, products and technology allegedly sold by KEE to Topcon belonged exclusively to Plaintiff under the 1995 Purchase Agreement.

11

Agreement with K. Eldredge Electronics, the company is a necessary party in this case.

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action for failure to join an indispensable party under Rule 19. Fed. R. Civ. P. 12(b)(7). "The proponent of a motion to dismiss under [Rule] 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *De Wit v. Firstar Corp.*, 879 F.Supp. 947, 992 (N.D. Iowa 1995).

In *Lebeau v. United States,* 115 F.Supp.2d 1172, 1175 (D.S.D. 2000) (J. Piersol), the Court set forth the inquiry used in determining whether to dismiss under Rule 12(b)(7):

> The Court must first inquire whether an absent person is a "necessary" party pursuant to Rule 19(a). If the absent person is not necessary as defined in Rule 19(a), the Court ends the inquiry, denies the motion to dismiss for failure to join an absent person and proceeds with the action. However, if the Court determines an absent person is a necessary party and the absent person may not be joined pursuant to Rule 19(a), then the Court must determine, pursuant to Rule 19(b), whether the action should proceed among the parties before it, or should be dismissed.

*Id.* at 1175 (citations omitted).

Rule 19(a)(1) prescribes three situations in which an absentee party will be found to be a "necessary" party.[3] *Id.* "First, under the 'complete relief' clause of Rule 19(a)(1)(A), the absentee is necessary if without joinder 'the court cannot accord complete relief among existing parties.'"

---

[3]Fed. R. Civ. P. 19(a)(1) requires joinder of a person subject to service of process whose joinder will not deprive the court of subject matter jurisdiction if:
(A)    in that person's absence, the court cannot accord complete relief among existing parties; or
(B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (I)    as a practical matter impair or impede the person's ability to protect the interest; or
    (II)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Moore's Federal Practice,* § 19.02[3][b] (Matthew Bender 3d ed.) (quoting Rule 19(a)(1)(A)). "Second, under the 'impair or impede' clause . . . the absentee is necessary if it is so situated that nonjoinder may 'as a practical matter impair or impede [the person's] ability to protect the interest." *Id.* (quoting Rule 19(a)(1)(B)(i)). "Third, [under] the 'multiple liability' clause . . . nonjoinder puts an extant party 'to a substantial risk of incurring double, multiple or otherwise inconsistent obligations . . . .'" *Id.* (quoting Rule 19(a)(1)(B)(ii)).

Defendants argue that proceeding in this action without K. Eldredge Electronics will prevent the Court from awarding complete relief among existing parties. The essence of Plaintiff's claims is that Defendants Kym Eldredge and KEE did not have an ownership interest in the assets they conveyed to Topcon because Kym Eldredge had sold to Plaintiff the rights to these assets in 1995. Given the nature of Plaintiff's claims, Defendants contend that the liability of existing parties is contingent upon the Court or a jury determining whether Plaintiff did in fact have an exclusive ownership interest in the assets conveyed by KEE and Kym Eldredge to Topcon. Defendants argue that because Plaintiff's ownership interest in the assets conveyed to it by K. Eldredge Electronics and Kym Eldredge, the company's shareholder and director, is defined by the 1995 Purchase Agreement entered into between these parties before KEE was even in existence, K. Eldredge is a necessary party to this lawsuit. Failure to join K. Eldredge Electronics, Defendants argue, would impede the Court's ability to award relief in this case among the existing parties.

The Court concludes that K. Eldredge Electronics is not a "necessary party" under Fed. R. Civ. P. 19(a)(1) in determining KEE's and Topcon's liability for conversion and tortious interference with business expectancy and thus declines to dismiss the present lawsuit on that basis. Setting aside for the moment the fact that K. Eldredge Electronics is no longer in existence, the Court finds that the language of the 1995 Purchase Agreement and not the presence of K. Eldredge Electronics is all that is needed to define Plaintiff's ownership interest in the assets, products and technology that purchased from the K. Eldredge Electronics pursuant to the 1995 Purchase Agreement. Any ambiguity present in the 1995 Purchase Agreement may be addressed by Kym Eldredge, the purported owner of Defendant KEE.

For the foregoing reasons, it is hereby ORDERED:

(1) Defendants' Motion for Judgment on the Pleadings (Doc. 47) pursuant to Fed. R. Civ. P. 12(c) is GRANTED IN PART AND DENIED IN PART.
- Plaintiff's claims for unjust enrichment/constructive trust (Count II), fraudulent concealment (Count III), and Plaintiff's guarantee claim (Count VI) are dismissed with prejudice. Plaintiff may proceed with its claims for conversion (Count I) and for interference with business expectancy (Count IV) against KEE and Topcon.
- Plaintiff may pursue punitive damages on its remaining claims for conversion and interference with business expectancy.
- Plaintiff has not waived its right in the 1995 Purchase Agreement to litigate its claims for conversion and interference with business expectancy before a jury and Plaintiff's demand for a jury trial is hereby granted.

(2) Defendants' Motion to Dismiss (Doc. 47) pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19 is DENIED. K. Eldredge Electronics is not an indispensable party to this action.

(3) Defendant's motion requesting oral argument on its Motion for Judgment on the Pleadings (Doc. 54) is DENIED as moot.

Dated this 18th day of September, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY